**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-00499-RMR

LUIS MIGUEL RANGEL SOLANO,

     Petitioner,

v.

DIRECTOR AURORA ICE PROCESSING CENTER,

     Respondent.

---

**ORDER**

---

Pending before the Court is Luis Miguel Rangel Solano's ("Petitioner" or "Mr. Rangel Solano") Amended Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Application"), ECF No. 7, and Petitioner's Motion for Immediate Release Pending Resolution of Habeas Petition, ECF No. 6. Respondent filed a Response, ECF No. 19, and Petitioner replied, ECF No. 20. Petitioner proceeds *pro se*, and his filings are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See* Hall, 935 F.2d at 1110. The Court has reviewed the Application, the Motion, the related briefing, and the applicable case law. For the reasons outlined below, the Court **GRANTS** the relief requested.

1

Mr. Rangel Solano entered the United States on July 16, 2024. ECF No. 19-1 ¶ 5. Prior to his detention by Immigration and Customs Enforcement ("ICE"), he "was working and living in a stable environment" with a sponsor for the past year. ECF No. 7 at 2. He has no criminal history that would subject him to mandatory detention. *Id*. at 2, 5-6. Immigration and Customs Enforcement ("ICE") detained Mr. Rangel Solano under 8 U.S.C. § 1225(b)(2) of the Immigration and Nationality Act ("INA") on November 21, 2025. ECF No. 19-1 ¶¶ 14-16. He does not have a final order of removal. ECF No. 7 at 2.

Petitioner asserts constitutional and statutory claims, seeking a bond hearing or immediate release. *Id.* at 2-9. This request for relief, and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests that the Court issue a writ of habeas corpus requiring that Respondent immediately release Petitioner or in the alternative, "order Respondent to provide a constitutionally adequate bond hearing before an Immigration Judge within seven (7) days," at which: (1) the government bears the burden of proof; (2) the standard is clear and convincing evidence; and (3) the Immigration Judge must consider less restrictive alternatives. *Id.* at 9. As Respondent acknowledges, the facts and legal issues presented here are "materially indistinguishable from those presented in *Mendoza Gutierrez v. Baltazar, et al*., in which this Court has ruled that 8 U.S.C. § 1226(a) rather than § 1225(b)(2)(A) provided the proper detention authority, thus entitling the petitioner in that case to a bond hearing or release." ECF No. 19 at 1-2 (citing *Mendoza Gutierrez v. Baltazar, et al*., 25-cv-02720-RMR (D. Colo.)).

Petitioner is a citizen of Colombia and entered the United States on July 16, 2024. ECF No. 19-1 ¶¶ 4-5. On August 2, 2024, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear ("NTA") initiating removal proceedings against Petitioner. *Id.* ¶ 10. On August 13, 2024, Immigration and Customs Enforcement ("ICE") issue an Interim Notice Authorizing Parole to Petitioner, advising him that ICE decided to parole him from its custody for one year. *Id.* ¶ 11. On June 6, 2025, Petitioner filed an application for asylum and withholding of removal. *Id.* ¶ 13. Then, on November 21, 2025, ICE officers arrested and detained Petitioner. *Id.* ¶ 14. Currently, he is being held in civil immigration detention and denied the opportunity for a bond hearing based on the government's assertion that Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2), ECF No. 19 at 2-3.

Here, Petitioner has resided in the United States for nearly two years. Therefore, he falls within the category of noncitizens who "may be treated the same way" as noncitizens who just arrived without documentation. *See* § 1225(b)(1)(A). However, Respondent compares Petitioner with that of *Mendoza Gutierrez* and suggests the similarities are sufficient to "lead the Court to reach the same result here" as it did in *Mendoza Gutierrez*. *Id*. at 3. The Court agrees that Petitioner is inappropriately detained under § 1225(b)(1)(A)(iii).

Because Petitioner is inappropriately detained under § 1225(b)(1)(A)(iii) and near the two-year mark under § 1226(a), the Court agrees with Petitioner that he is entitled to immediate release. Consistent with the above analysis, the Court **GRANTS** Petitioner's

Application, ECF No. 7, and Respondent is **ORDERED** to release Petitioner from custody immediately, but no later than within 48 hours of this Order, and may not impose any additional conditions of release or supervision. Respondent **SHALL FILE** a status report within TWO DAYS of this Order to certify compliance. Respondent is further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless it demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's remaining arguments at this time, and Petitioner's Motion, ECF No. 6, which seeks the same relief as the Petition, is **DENIED AS MOOT**.

DATED: June 25, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge